IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DOMINIC ANTHONY MILLETTE, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 1:21-CV-189-MHT-SMD |
| DONALD VALENZA, | ) |
| Defendant. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

**I.   INTRODUCTION**

Plaintiff Dominic Millette, proceeding pro se, filed this 42 U.S.C. § 1983 action on March 4, 2021, while incarcerated at the Houston County Jail in Dothan, Alabama. This matter is proceeding on Plaintiff's Amended Complaint (Doc. 5) filed in accordance with the Court's Order of March 8, 2021 (*see* Doc. 4). The Amended Complaint alleges that the Defendant, Sheriff Donald Valenza, denied Plaintiff adequate medical care during his incarceration at the jail when he did not receive the second dose of a Hepatitis A vaccine after the facility admitted an inmate from another county jail with the disease. Docs. 5, 23. As a high-risk inmate Plaintiff seeks enforcement of the two-dose protocol. *See* Doc. 5 at 4.

After review of the Amended Complaint, the undersigned RECOMMENDS this case be DISMISSED, as set forth below.

## II.     DISCUSSION

Plaintiff is no longer incarcerated having been released during the pendency of this case. *See* Doc. 44 (*Notice of Change of Address*).  He brings this § 1983 action claiming Defendant denied him constitutionally adequate medical care in failing to ensure that he and other inmates at the Houston County Jail received a "second mandatory dose" of a Hepatitis A vaccine.  As Plaintiff is no longer confined at the Houston County Jail, and based on the specific relief sought, the undersigned concludes this matter is due to be dismissed as moot.

Courts do not sit to render advisory opinions.  *North Carolina v. Rice*, 404 U. S. 244, 246 (1971).  An actual controversy must exist when the case is pending.  *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974).  Where the only relief requested is injunctive, it is possible for events subsequent to filing the complaint to make the matter moot.  *Nat'l Black Police Ass'n v. D.C.*, 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz*, 554 F.2d 22, 23 (2d Cir. 1977) (change in policy).

A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome. *Weinstein v. Bradford*, 423 U.S. 147 (1975); *Flast v. Cohen*, 392 U.S. 83, 95 (1968) ("[N]o justiciable controversy is presented . . . when the question sought to be adjudicated has been mooted by developments" subsequent to filing of the complaint.).   Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." U.S. Const. art. III, 2.  Federal courts may not rule upon questions

2

hypothetical in nature or which do not affect the rights of the parties. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "Article III requires that a plaintiff's claim be live not just when he first brings suit, but throughout the litigation." *Tucker v. Phyfer*, 819 F.2d 1030, 1034 (11th Cir. 1987). Because mootness is jurisdictional, dismissal is required when an action is moot, as a decision in a moot action would be an impermissible advisory opinion. *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001).

"The general rule in our circuit is that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief." *Smith v. Allen*, 502 F.3d 1255, 1267 (11th Cir. 2007), *abrogated by Sossamon v. Texas*, 563 U.S. 277 (2011)); *see also Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986) (concluding that inmate's release from prison mooted claim for declaratory and injunctive relief). "The reason for this rule is that injunctive relief is 'a prospective remedy, intended to prevent future injuries,' ... and, as a result, once the prisoner has been released, the court lacks the ability to grant injunctive relief and correct the conditions of which the prisoner complained." *Smith*, 502 F.3d at 1267 (internal citation omitted, otherwise citing to *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) (per curiam) (holding that a prisoner's past exposure to sub-par conditions in a prison "does not constitute a present case or controversy involving injunctive relief")); *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997) (explaining that "[e]quitable relief is a prospective remedy, intended to prevent future injuries."). For that reason, "[w]hen the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury." *Id.*; *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994)

(citation omitted) (observing that "[l]ogically, 'a prospective remedy will provide no relief for an injury that is, and likely will remain, entirely in the past.'"). In the context of a § 1983 action filed by an inmate, such as this, a prayer for declaratory or injunctive relief becomes moot upon the transfer or release of that inmate from the facility where his cause of action arose. *See, e.g., Wahl*, 773 F.2d at 1173 (holding that "an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred.").

Here, the only relief sought by Plaintiff is injunctive relief. It is undisputed that Plaintiff is no longer incarcerated at the Houston County Jail where the allegedly unconstitutional conduct about which he complains occurred. He therefore is not subject to the condition about which he complains in this lawsuit. Further, there is no indication Plaintiff will be returned to the Houston County Jail much less be returned in the immediate future. "'Past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury or real and immediate threat of repeated injury.'" *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (quoting *Dudley v. Stewart*, 724 F.2d 1493, 1494 (11th Cir. 1984). Absent is any showing of a "continuing, present injury or real and immediate threat of repeated injury" to Plaintiff. *See Id*. (finding that a transfer of the plaintiff back to the county jail if he was again incarcerated at a minimum security facility and charged with a disciplinary infraction was too speculative to satisfy the required injury element).

For these reasons, the Court finds Plaintiff's Amended Complaint is moot. Because there is no present case or controversy to support the Court's jurisdiction over Plaintiff's

claim against the named defendant, this matter is due to be dismissed without prejudice for lack of jurisdiction.

### III. CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS that Plaintiff's Amended Complaint be DISMISSED without prejudice for lack of jurisdiction.

It is ORDERED that by **December 21, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981)).

DONE this 7th day of December, 2022.

                                                /s/ Stephen M. Doyle
                                                STEPHEN M. DOYLE
                                                CHIEF UNITED STATES MAGISTRATE JUDGE